UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA EX REL.
JOLEEN DELGADO,

                Plaintiff,

                -against-

SEALED DEFENDANT,

                Defendants.

25-CV-1822 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Joleen Delgado, who is proceeding *pro se*, brings this action, which she styles as a "Writ of Qui Tam and protective order," asserting claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*[1]

The FCA imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

Relators act as "partial-assignees of the United States' claim to recovery," *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citation omitted), and the

---

[1] Plaintiff submitted the complaint without the $405.00 in fees required to bring a civil action in this court or an application to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. In lieu of an IFP application, Plaintiff filed a letter in which she asserts that court filing fees are unconstitutional and requests that the filing fees be waived for this action. Plaintiff's assertion is incorrect. The imposition of filing fees has been upheld by the United States Supreme Court. *See, e.g., Ortwein v. Schwab*, 410 U.S. 656, 656 (1973). Her request to waive the fees without an IFP application is therefore denied.

United States "remains the real party in interest." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). In order to proceed *pro se*, "[a] person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see* 28 U.S.C. § 1654. Because a *qui tam* action is "not the relator's 'own' case . . . , nor one in which he has 'an interest personal to him,'" a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*." (citing § 1654 and *Iannaccone*, 142 F.3d at 558)).

Accordingly, because Plaintiff cannot proceed *pro se* with a *qui tam* action, the Court grants Plaintiff 30 days' leave to either (1) retain an attorney, who must file a notice of appearance; or (2) withdraw this action. If Plaintiff retains an attorney and wishes to proceed with this action, she must either pay the $405.00 in filing fees or submit an IFP application within 30 days of this order. If Plaintiff does not retain an attorney or withdraw this action within 30 days of the date of this order, the action will be dismissed without prejudice without further order of the Court and judgment shall enter. If Plaintiff wishes to proceed *pro se* with non-FCA claims arising from the same facts, she may do so by bringing a separate action.

The FCA provides that "the complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2).[2] After *in camera* review of Plaintiff's complaint, the Court directs that the seal

---

[2] The purpose of this requirement "is to allow the government time to investigate the alleged false claim and to prevent *qui tam* plaintiffs from alerting a putative defendant to possible investigations." *U.S. ex rel. Grupp v. DHL Express (USA), Inc.*, 742 F.3d 51, 54 (2d Cir. 2014) (citing *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir. 1995)).

shall be lifted as to this order and all subsequently filed documents.[3] The seal shall also be lifted as to Plaintiff's identity, and the Clerk of Court is directed to list Plaintiff's name on the public docket.

## CONCLUSION

The Court grants Plaintiff 30 days' leave to either (1) retain an attorney, who must enter a notice of appearance; or (2) withdraw this action. If Plaintiff does not retain an attorney or withdraw this action within 30 days of the date of this order, the action will be dismissed without prejudice without further order of the Court, and judgment shall enter. If Plaintiff wishes to assert non-FCA claims arising from the same facts, she may do so by filing a separate action.

After *in camera* review of Plaintiff's complaint, the Court directs that the seal shall be lifted as to this order and all subsequently filed documents. The seal shall also be lifted as to Plaintiff's identity, and the Clerk of Court is directed to list Plaintiff's name on the public docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 13, 2025
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Until the action is fully unsealed, further documents that Plaintiff files should list Defendant as "sealed defendant." If Plaintiff files documents with Defendant's name before this action is fully unsealed, public access will be restricted.